## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

CRYSTAL BIGELOW-WELLS                                                                   PLAINTIFF

v.                                        4:14CV00043-BRW-JJV

SCOTT BRADLEY; *et al.*                                                                DEFENDANTS

### PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following partial recommended disposition has been sent to United States District Judge Billy Roy Wilson. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1.     Why the record made before the Magistrate Judge is inadequate.

2.     Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.     The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial

evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

>Clerk, United States District Court
>Eastern District of Arkansas
>600 West Capitol Avenue, Suite A149
>Little Rock, AR 72201-3325

**PARTIAL DISPOSITION**

**I.    INTRODUCTION**

Crystal Bigelow-Wells ("Plaintiff"), an inmate of the Van Buren County Jail ("County Jail") filed this lawsuit *pro se*, pursuant to 42 U.S.C. § 1983.[1] The Court granted Plaintiff's application to proceed *in forma pauperis* (Doc. No. 5). After review of Plaintiff's Complaint, the Court determined that she had stated a cognizable claim only against Defendant Ragland (Doc. No. 6). Accordingly, the Court invited Plaintiff to file an amended complaint stating her claims against the other seven named defendants (*Id.*). Plaintiff was cautioned that failure to file an amended complaint within thirty days could result in the dismissal of those seven defendants (*Id.*).[2] In excess of thirty days have passed and Plaintiff has not filed an amended complaint. Accordingly, the Court finds that Defendants Bradley, Murray, Dunham, Daugherty, Smith, Boener, and Angerman should be dismissed without prejudice.

**II.    ANALYSIS**

An action fails to state a claim upon which relief can be granted if it does not plead "enough

---

[1] The lawsuit was initially filed on behalf of both Plaintiff and Darci Brawner, another County Jail inmate (Doc. No. 1). The Court determined that their claims were not properly joined (Doc. No. 6) and a separate case was opened for Ms. Brawner (*Id.*).

[2] The Court entered the relevant Order on March 11, 2014 (Doc. No. 6).

facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although the Court is required to weight factual allegations in favor of the plaintiff, it will not construe claims to exist where a plaintiff has not alleged them. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). Here, Plaintiff's Complaint alleges constitutional misconduct only against Defendant Ragland. Concerning the other Defendants, Plaintiff's Complaint is either silent, or it fails to indicate how, if at all, they deprived her of constitutional rights. In the absence of allegations of constitutional misconduct, Plaintiff has failed to state a cognizable claim under §1983 against Defendants Bradley, Murray, Dunham, Daugherty, Smith, Boener, and Angerman.

### III.   CONCLUSION

IT IS THEREFORE RECOMMENDED that:

1. Plaintiff's claims against Defendants Bradley, Murray, Dunham, Daughterty, Smith, Boener, and Angerman be DISMISSED without prejudice for failure to state a claim upon which relief may be granted.

2. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations would not be taken in good faith.

Dated this 8th day of May, 2014.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE